FILED
SUPERIOR COURT
OF GUAM

2022 JAN 24 PM 4: 12

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0574-21 |
| vs. | DECISION AND ORDER |
| BRUCE MATHEW UNCHANGCO CRUZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 20, 2022, for hearing on Defendant **BRUCE MATHEW UNCHANGCO CRUZ's** ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 For Release on Personal Recognizance or In the Alternative Release to Electronic Home Monitoring ("Motion for Bail Redetermination"). Present remotely via Zoom were Assistant Attorney General Sean E. Brown on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Public Defender Alisha L. Molyneux. In accordance with its ruling from the bench on January 20, 2022, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On November 19, 2021, Defendant was indicted with the following charges: (1) Theft of a Motor Vehicle (As a Second Degree Felony); (2) Third Degree Robbery (As a Third Degree Felony); (3) Criminal Mischief (As a Third Degree Felony); (4) Assault on a Peace Officer (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly

Weapon in the Commission of a Felony; and (5) Aggravated Assault (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. (Indictment, Nov. 19, 2021). These charges stem from allegations from events occurring on or about November 6, 2021 and November 11, 2021. (Decl. of Rolland B. Wimberley, Magistrate's Compl., Nov. 12, 2021). On November 6, 2021, officers met with Ms. Estrillita Pereda who stated that Defendant stole her vehicle, a Toyota Corolla IM. *Id.* Officers noted Ms. Pereda was holding her cheek, and inquired if she needed medical attention. *Id.* Ms. Pereda stated that she needed ice for her face, and that Defendant hit her with a medium sized green butane tank while she was watching some shows on her phone. *Id.* Ms. Pereda stated that Defendant was rambling, accused her of being "secret agents with the government who is after him", grabbed her purse and car keys, and then drove off in her vehicle. *Id.* Ms. Pereda believed Defendant was high on butane, since he was caught inhaling small and medium sized cans. *Id.* A few days later, on November 11, 2021, officers noted a vehicle matching the description of Ms. Pereda's stolen vehicle. *Id.* Officers attempted to pull the vehicle over, but Defendant was driving erratically at 50-75 mph, before reaching over 100 mph on Route 10 and Route 15. *Id.* Officers then found Defendant parked in front of Happy Mart. *Id.* One officer positioned his patrol vehicle directly behind Defendant's vehicle. *Id.* Defendant responded by backing up twice, striking the patrol vehicle twice, before creating enough space to flee the area. *Id.* Officers followed and eventually apprehended Defendant when he drove into the Barrigada Shell gas station and collided with a parked vehicle. *Id.* Defendant remains confined pending the posting of $10,000 cash bail. *See* Commitment Order, Nov. 12, 2021.

On December 13, 2021, Defendant filed the instant Motion. On December 16, 2021, the Government filed its Opposition.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the ten thousand dollars ($10,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Dec. 13, 2021.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

    (ii) his/her employment status and history, and financial condition;

    (iii) his/her family ties and relationships;

    (iv) his/her reputation, character and mental and physical condition;

    (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi) his/her history relating to drug or alcohol abuse;

    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a thirty-one year old U.S. Citizen; a lifelong resident of Guam; and that he has social and familial ties to Guam including two minor children. (Mot. Bail Redetermination at 4, Dec. 13, 2021). At the Motion Hearing, counsel for Defendant further indicated that one of the alleged victims, Ms. Pereda, does not oppose his release. The Government also confirmed that Ms. Pereda did not oppose release, but indicated that it still opposed Defendant's released based on a number of factors.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with the safety of the community and Defendant's ability to follow court orders. At the time of the alleged offenses in this matter, Defendant was on deferred probation in CF0429-19 and

probation CM0223-20. *See* Family Violence Misdemeanor Plea & Order After Hearing [Deferred Plea Agreement Entered] in CF0429-19, Jun. 14, 2021; Notice of Plea Offer (Accepted) & Judgment of Conviction (Offer Letter) in CM0223-20, Jun. 14, 2021. Defendant had several bench warrants issued for his arrest in both cases for violations of his pre-trial conditions of release (Bench Warrant in CM0223-20, Oct. 28, 2020; Warrant of Arrest in CF0429-19, Sep. 8, 2020; Warrant of Arrest in CF0429-19, Jul. 8, 2020). After Defendant changed his plea in CM0223-20, he failed to complete counseling with CSFC, failed to attend and complete a drug and alcohol assessment with Guam Behavioral Health and Wellness Center, failed to make payments towards his fine and court costs; and failed to perform his community service hours. *See* 2nd Violation Report Amended, Dec. 17, 2021.

In the instant matter, although officers attempted to pull Defendant over and subsequently parked behind him after he had stopped, it is alleged that Defendant backed into the patrol vehicle to continue trying to escape and only stopped later on because he crashed into a parked vehicle. (Decl. of Rolland B. Wimberley, Magistrate's Compl., Nov. 12, 2021). Further, the Court is concerned about the serious nature of the crimes charged and Defendant's potential abuse of substances that may drive dangerous behavior. *See id.* ("Ms. Pereda stated that she believes the Defendant is high on butane, since they have caught him inhaling small and medium sized cans."). Although some of the charges against Defendant are property crimes, he is also charged with Assault on a Peace Officer (As a Third Degree Felony) and Aggravated Assault (As a Third Degree Felony), both with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. For each Special Allegation, Defendant faces five (5) to twenty-five years (25) of imprisonment consecutive to any mandatory minimums for the underlying felony offenses. The Court is not convinced that Defendant will follow any and all conditions of release imposed, should he be released on personal recognizance alone. [1]

---

[1] The Court notes that although Defendant also proposes release with third party custodians and/or electronic monitoring in his written motion, *see* Mot. Bail Redetermination at 4, no third-party custodians have been evaluated nor has an EM packet been submitted to Probation for review.

Thus, upon the Court's review, Defendant's release on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Status Hearing is set for **February 24, 2022** at **9:00 a.m.** via Zoom.

**IT IS SO ORDERED,** *nunc pro tunc* to January 20, 2022, this JAN 2 4 2022 .

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 1/24/22 Time: 4:18pm

Antonio A Cruz

Deputy Clerk, Superior Court of Guam

*People v. Cruz*
Case No. CF0574-21
Decision and Order